IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE PARKER and next friend
dependent minor children,

        Plaintiff,

v.                       Civil Action No. 19-099-RGA

WILLIAM H. CLAUS IV, et al.,

        Defendants.

---

Stephanie Parker, Bridgeville, Delaware. Pro Se Plaintiff.

## **MEMORANDUM OPINION**

June 10, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Stephanie Parker appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She filed this action alleging felony theft of real property in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983. (D.I. 2). Parker asserts jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Parker has a child whose father is George K. Trammell, III. As discussed by the United States Court of Appeals for the Third Circuit in its June 13, 2012 opinion, "Trammell is a frequent *pro se* litigator; most of his suits are nearly indecipherable and concern state court actions regarding his father's estate." *Trammell v. Trammell*, 485 F. App'x 524, 525 (3d Cir. 2012); *In re Trammell*, 468 F. App'x 111 (3d Cir. 2012); *Trammell v. Trammell*, 446 F. App'x 530, 531 (3d Cir. 2011); *Trammell v. Lillies Love & Care Daycare Ctr.*, 448 F. App'x 188 (3d Cir. 2011); *see also Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk*, 446 F. App'x 437 (3d Cir. 2011). The instant lawsuit filed by Parker follows Trammell's lead.

Parker alleges that the real property of Trammell's deceased aunt, Marie Jones Polk, is the subject of an "attempted felony theft." (D.I. 2 at 2). The property is located at 22612 Eskridge Road in Seaford, Delaware. (*Id.*). Parker alleges that Trammell, "my baby's dad . . . was completely wrongfully unlawfully disenfranchised of the real property." (*Id.* at 4). As alleged, the property was purchased by Defendant William H. Claus, IV and/or Bonnie Sue Low, and Claus was involved in an illegal conspiracy to wrongfully exploit the involuntarily disadvantaged for unconscionable

1

personal gain. (*Id.* at 3). In the caption of the Complaint Parker names as defendants numerous State court judges, State and County administrators, and the current governor of the State of Delaware, but the body of the Complaint is void of any allegations directed towards them. (*Id.* at 1).

The Court takes judicial notice that in *Department of Finance of Sussex County v. Clifford E. Polk Heirs*, Civ. No. 17-1448-RGA, Trammell attempted to remove the case from the Superior Court of the State of Delaware in and for Sussex County, and sought a writ of prohibition to prevent a sheriff's sale of real property located in Seaford, Delaware.[1] (*See* Civ. No. 17-1448-RGA at D.I. 6 and D.I. 7 at A 15, both referring to Del. Super. C.A. No. S17T-07-004). In *Claus v. Trammell*, Civ. No. 18-1125-RGA, Trammell and Parker attempted to remove a case, filed as a complaint for ejectment, from the Superior Court of the State of Delaware in and for Sussex County, which is the same property that is the subject matter of the instant complaint.[2] (*See* Civ. No. 18-1125-RGA at D.I. 3, referring to Del. Super. C.A. No. S18C-06-021).[3] Both cases were remanded to State Court.

---

[1] Trammell appealed the remand, and on June 6, 2018, the appeal was dismissed for lack of jurisdiction. *Department of Finance of Sussex County v. Clifford E. Polk Heirs*, No. 18-1164 (3d Cir. June 6, 2018).

[2] On December 21, 2018, Parker and Trammell appealed the order granting the motion to remand. The matter is currently pending before the United States Court of Appeals for the Third Circuit, *Claus v. Trammel*, No. 18-3800 (3d Cir.).

[3] The Court takes judicial notice that on January 4, 2019, Claus was awarded exclusive possession the premises known as 22612 Eskridge Road in Seaford, Delaware; Parker and Trammell appealed to the Delaware Supreme Court; and on April 23, 2019 the Delaware Supreme Court dismissed the appeal. (*See Claus v. Trammel*, Del. Super. C.A. No. S18C-06-021 at BL-40, BL-41, BL-50).

In the first case, Civ. No. 17-1448-RGA, Trammell states that he was intentionally and deliberately disenfranchised. In the second case, Civ. No. 18-1125-RGA, Trammell and Parker stated that, in an attempt to cover up Trammell's "incontrovertible equitabl[e] interest" in the real property at issue, Claus has finally put Trammell's name in the caption. Also, in their opposition to remand, and similar to this case, Trammell and Parker invoked 42 U.S.C. § 1983 and asserted constitutional violations of felony theft of real property.

Parker alleges that her minor children are "second level collateral heirs" to the real property at issue. (D.I. 2 at 4). She alleges that Claus is a "documented felony conspirator" who wrongfully and purportedly purchased the real property of the estate of Marie Jones Polk when the property was not for sale "by way of any legal means." (*Id.* at 4-5). Parker names the Sussex County, Delaware Department of Finance as a "nominal defendant" as "tortfeasor/fraudfeasor of the indignant racist, disdaining, transparent overreaching hoodwinker." (*Id.* at 7). She seeks compensatory and punitive damages.

## RECUSAL

The last page of the Complaint seeks my recusal. (D.I. 2 at 8). Parker states that I cannot be assigned this case because I entered the remand order in Civ. No. 18-1125-RGA and it is currently on direct appeal in No. 18-3800. (*Id.*). Parker contends the order was "illegal" and that I am part of the problem. (*Id.*).

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under

3

§ 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

It is evident that Parker takes exception to my prior rulings and this serves as her basis to seek recusal. A reasonable, well-informed observer could not believe that the ruling was based on impartiality, bias, or actual prejudice by me. Nor do my rulings demonstrate the Court acting in such a manner when ruling in the cases wherein Parker is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Parker and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Parker's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

## DISCUSSION

**Legal Standards**. A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable

5

to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**42 U.S.C. § 1983**. Plaintiff's § 1983 claims fail as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). All of the allegations in the Complaint are directed against Claus, who, it is alleged, purchased the property at issue and who, as the Court notes, was awarded exclusive possession of the property at issue by the

6

Delaware Superior Court. There are no allegations that Claus is a state actor. Indeed, he is described as an "Air Line Pilot." (D.I. 2 at 3). Nor are there any allegations raised against any other named Defendant. The claims are frivolous and fail as a matter of law.

**42 U.S.C. § 1985(3)**. The Complaint alleges that Claus is a "conspirator in the unconstitutional attempted felony theft" of the real property at issue. (D.I. 2 at 2). Parker states she is a "black African American female." (*Id.* at 3). She alleges that "nominal defendant" Sussex County, Delaware Department of Finance is racist. (*Id.* at 7). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

The allegations do not support a valid theory of liability. The Complaint does not explain who Claus allegedly conspired with, that there was an agreement to engage in a conspiracy, or an agreement to unlawfully purchase the real property at issue based upon the color of Parker's skin. The Court's experience and common sense lead it to recognize that the § 1985 claim does not state a facially plausible claim for relief and is frivolous.

**Rooker-Feldman Doctrine.** Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). Parker couches her claims as violations of constitutional rights pursuant to § 1983 and § 1985, but it is evident that she actually seeks review and rejection of the Delaware Superior Court's January 4, 2019 decision that awarded exclusive possession of the real estate at issue to Claus. (*See* footnote 3 *supra*). Parker commenced this action on January 17, 2019.

The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Allowing Parker's claims to proceed would allow her to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine.

**Jurisdiction.** Plaintiff asserts jurisdiction by reason of a federal question. As discussed, the Complaint does not state federal claims and, therefore, the Court lacks

---

[4]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

jurisdiction under 28 U.S.C. § 1331. Plaintiff invokes 28 U.S.C. § 1343, which gives federal district courts jurisdiction over election disputes, but such a dispute is not before the Court. Finally, the parties are not diverse and, therefore, jurisdiction is not proper under 28 U.S.C. § 1332.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.